UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-80700-CIV-RYSKAMP/VITUNAC

BRANDON BUTZBERGER, a minor, by
and through his parent and natural guardian
DAVID BUTZBERGER,

    Plaintiffs,

V.

NOVARTIS PHARM.
CORPORATION, a Delaware corporation,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

THIS CAUSE comes before the Court pursuant to Plaintiff Brandon Butzberger's ("Plaintiff") Motion to Remand, filed August 8, 2006 **[DE 5]**. Defendant Novartis Pharmaceutical Corp. ("Defendant") responded on August 24, 2006 **[DE 10]**. Plaintiff replied on August 31, 2006 **[DE 16]**. This motion is ripe for adjudication.

### I. BACKGROUND

In October 2002, Plaintiff visited his treating physician for the purpose of treating eczema on his body. On or about October 30, 2002, Plaintiff's treating dermatologist prescribed Elidel, a topical prescription drug for the treatment of eczema and atopic dermatitis. Plaintiff applied Elidel every day twice daily until October 2004 pursuant to Defendant's guidelines. Plaintiff gave particular attention to areas showing the most significant symptoms, particularly the legs and thighs. Plaintiff was diagnosed with liver cancer in October of 2004. In January of 2006, the FDA required a box warning on Elidel for, among other things, possible risk of cancer due to use

of the product.  Defendant is the designer, developer, manufacturer, tester, inspector, packager, promoter, packager, distributor and labeler of the product.

Plaintiff filed this action as a Complaint for Pure Bill of Discovery in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida on June 20, 2006.  Plaintiff suspects his liver cancer resulted from use of the drug, but claims he needs to determine, among other things, whether there is a cause of action and the identities of potential responsible defendants.  Plaintiff also indicates that he brought the action as a Pure Bill of Discovery partly due to the potential running of the statute of limitations.  Plaintiff believes that interrogatories, discovery and depositions taken under oath of various employees of Defendant and/or others will reveal evidence as to whether the product is the proximate cause of his liver cancer.  Plaintiff anticipates filing a claim or claims against Defendant and/or others for negligence, strict liability and fraud.  Most of the information Plaintiff seeks is, according to Plaintiff, in the care, custody and control of Defendant.  Hence, Plaintiff requests an order requiring Defendant to present its employees having knowledge of the formulation, design, development, manufacture, testing, inspection, packaging, safety, promotion, marketing, distribution, detailing and labeling of the product for deposition, to respond to reasonable discovery, and to permit Plaintiff to set depositions of all who may have knowledge of the subject matter.

Novartis removed this action to this Court on July 20, 2006 pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  The parties agree that diversity of citizenship exists.  At issue is whether this matter should be treated as a civil action that satisfies the amount in controversy requirement.  Although the Complaint for Pure Bill of Discovery does not denote an amount of damages sought, Defendant removed the action to this Court on the ground that the Complaint

3

for Pure Bill of Discovery is essentially the first step in a personal injury action unquestionably worth more than $75,000.  Plaintiff has moved to remand on the ground that the Complaint for Pure Bill of Discovery does not meet the amount in controversy requirement.

## II.  LEGAL STANDARD

A pure bill of discovery "lies to obtain the disclosure of facts within the defendant's knowledge, or deeds or writings or other things in his custody, in aid of the prosecution or defense of an action pending or about to be commenced in some other court."  Publix Supermarkets, Inc., v. Frazier, 696 So.2d 1369, 1370-71 (Fla. 4th DCA 1997) (quoting First Nat'l Bank of Miami v. Dade-Broward Co., 171 So. 510, 510-511 (1936)).  A bill of discovery should demonstrate the following:

> The matters concerning which the discovery asked for is sought, the interest of the several parties and the subject of the inquiry, the complainant's right to have the relief prayed, its title and interest, and what the relationship of same is to the discovery claim, and that the discovery so attempted to be had is material to the complainant's rights that have been duly brought into litigation on the common-law side of the court under circumstances and entitle the complainant to a disclosure of what is necessary to maintain its own claim in that litigation, and not that of the defendant in the case.

Nat'l Bank of Miami, 171 So.2d at 511.  See Kaplan v. Allen, 837 So.2d 1174, 1176 (Fla. 4th DCA 2003) (noting that a bill of discovery "may be used to identify potential defendants and theories of liability and to obtain information necessary for meeting a condition precedent to filing suit");  Northrop Grumman Corp. v. Swope, 717 So.2d 213, 213 (Fla. 5th DCA 1998) (holding that identifying potential defendants, identifying theories of liability and gaining


information sufficient to determine the manner in which the accident at issue occurred is a proper use of the bill of discovery); Adventist Health System/Sun Belt, Inc. v. Hegwood, 569 So.2d 1295, 1296-97 (Fla. DCA 5th 1990) (allowing mother whose son died while hospitalized to use pure bill of discovery to learn details of her son's treatment to enable her to retain a medical expert, a necessary predicate to a medical malpractice action).

A bill of discovery may not be used "as a fishing expedition to see if causes of action exist," Publix Supermarkets, 696 So.2d at 1371, nor is the mechanism available to obtain an early look at evidence obtainable during the course of ordinary discovery. See Nat'l Car Rental v. Sanchez, 349 So.2d 829, 830 (Fla. 3rd DCA 1977). In Publix Supermarkets, petitioner, injured on the job in a forklift accident, sought pre-suit preservation of the forklift simply "to see if it was defective and could have contributed to the accident." 696 So.2d at 1371. The court deemed such a "fishing expedition" and denied the request. See also Mendez v. Cochran, 700 So.2d 46, 47 (Fla. 4th DCA 1997) (disallowing bill of discovery seeking production of allegedly surreptitiously recorded conversations to determine "whether criminal or civil statutory violations, including an invasion of... privacy rights...occurred"); Kaplan, 837 So.2d at 1175-76 (no bill of discovery allowed where estate sought copies of decedent's psychiatry records to determine whether decedent's fatal car accident resulted from psychiatric malpractice).

Florida courts treat bills of discovery as the first step in a civil action and allow such to be amended to state a cause of action at law. See Surface v. Town of Bay Harbor Islands, 625 So.2d 109, 109 (Fla. 3rd DCA 1993); Florida Rule of Civil Procedure 1.040 ("[t]here shall be one form of action to be known as "civil action"); Perez v. Citibank, 328 F.Supp.2d 1374, 1378 (S.D. Fla. 2004) (noting that Florida courts consider bills of discovery civil actions and

permitting removal of a bill of discovery in part because such can be amended to add substantive causes of action); APA - The Engineered Wood Ass'n v. Glens Falls Ins. Co., Inc., 972 P.2d 937, 562-63 (Wash. App. 1999) (applying Florida law), *review denied*, 989 P.2d 1136 (1999)(absent a bill of discovery mechanism "suit would simply have been the first stage in a suit seeking damages ... [Plaintiffs] could easily have amended the complaint to add a prayer for damages, if and when it deemed its discovery efforts successful.  To hold that [Plaintiffs'] suit was not a suit seeking damages would accentuate the vagaries of Florida procedure, [and] exalt form over substance.").

### III.  DISCUSSION

Defendant seeks removal of what it sees as a typical products liability action consisting of the claims laid out in the Pure Bill of Discovery.  Defendant claims that $75,000 is much lower than the amounts Florida juries routinely award plaintiffs in product personal injury suits.  That a complaint does not allege a specific amount of damages is no bar to removal.  See Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001) ("When a complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.").  Indeed, federal jurisdiction exists where plaintiffs allege personal injuries caused by prescription medications, even where, as here, they do not expressly provide and amount in controversy.  See In re Rezulin Prods. Liab. Litig., 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (holding amount-in-controversy requirement satisfied in pharmaceutical products liability litigation alleging personal injury where "the complaint...does not preclude recovery in excess of $75,000").  Federal courts

6

also allow removal of bills of discovery that satisfy the amount in controversy requirement. For example, Dublin Worldwide Productions (USA), Inc. v. Jam Theatricals Ltd., 162 F. Supp. 2d 275, 277-79 (S.D.N.Y. 2001), a fraud and breach of contract action initially brought in New York state court as the procedural equivalent of a bill of discovery, was properly removed to federal court because pre-filing documents indicated the claim was worth in excess of $500,000.

As noted, Florida courts do not distinguish between complaints for pure bills of discovery and actions at law. Stoller v. Nissan Motor Corp., 934 F.Supp. 423, 424 (S.D. Fla. 1996), cited by Plaintiff, is not to the contrary. Stoller relied upon Sunbeam Tel. Corp. v. Columbia Broadcasting Sys., Inc., 694 F. Supp. 889, 895 (S.D. Fla. 1988) for the proposition that "Florida has defined a subsequent action for relief based on the discovery as distinct from [a] pure bill of discovery." Unsurprisingly, Stoller held that once a bill of discovery is answered, the proceeding terminates, with any subsequent action at law constituting a separate proceeding. This interpretation of Florida law is no longer valid. Surface, a 1993 case, rejected the argument that a pure bill of discovery is a separate action that must be dismissed prior to filing of a subsequent action at law. 625 So.2d at 109. Perez, a 2004 case, relied on Surface when it allowed removal of a pure bill of discovery. 328 F.Supp.2d at 1378 (noting that "Florida courts have held that a bill of discovery is a civil action under Rule 1.040, and allow it to be amended to add statutory causes of action"). Perez ultimately allowed federal jurisdiction pursuant to the Edge Act, 12 U.S.C. § 1632, but such does not change the fact that Florida courts do not distinguish between bills of discovery and civil actions. 328 F. Supp. 2d at 1378.

Plaintiff cites no authority for the proposition that a bill of discovery is separate and distinct from an ordinary civil action. Plaintiff cites an amalgamation of cases from Alabama,

Massachusetts, New York, Texas and Wisconsin, but each is unavailing because each holds that a pre-suit petition for discovery is not removable because such a petition is distinct from an action at law.  In Bryan v. America West Airlines, 405 F. Supp. 2d 218, 221 (E.D.N.Y. 2005), the court remanded a pre-suit petition for a discovery order because New York law provides that such a petition is "not a civil action-it is a request for discovery, nothing more." Bryan is thus distinguishable from the present case, where the governing law states that a complaint for pure bill of discovery is a civil action.  See also In re Hinote, 179 F.R.D. 335, 335-36 (S. D. Ala. 1998) ("removal statutes permit removal of a of a 'civil action' from state court to federal court" but discovery petition is "no civil action to be removed"); Barrows v. American Airlines, Inc., 164 F. Supp. 2d 179, 182 (D. Mass. 2001) (discovery petitions not removable to federal court);Mayfield-George v. Texas Rehabilitation Comm'n, 197 F.R.D. 280, 283 (M.D. Tex. 2000) (discovery petition not removable to federal court because such merely sought authorization to conduct a deposition and was not a civil action); Oshkosh Truck Corp. v. Int'l Union, 67 F.R.D. 122, 123- 24 (E.D. Wis. 1975) (holding that "the formal complaint is the critical source of facts for the assertion of subject matter jurisdiction arising under federal law" and requiring a defendant to wait until the filing of a formal complaint before filing a notice of removal).  Each of these cases is in contravention of Florida law.  Perez, 328 F. Supp. 2d at 1378; Surface, 625 So.2d at 109; APA, 972 P.2d at 562-63.

      The Court also doubts that a bill of discovery is an essential procedural mechanism for Plaintiff.  Plaintiff claims he needs extensive pre-suit discovery to allow him to support his assertion that Elidel caused his cancer.  Defendant argues that such discovery is not a necessary predicate to the filing of this action, noting that counsel for Plaintiff has filed products liability

8

actions in two other federal courts based on the theory that Elidel causes cancer, and that each concedes an amount in controversy in excess of $75,000.  These allegations of causation and amount in controversy must necessarily have been made following a reasonable inquiry, as counsel so alleged under threat of Rule 11 sanctions.   Furthermore, Plaintiff's counsel holds himself out as a national leader in Elidel litigation and maintains the website elidellawyers.com.  In an Internet publication distributed by the "Center for Medical Consumers," a representative of the firm is quoted as follows:

> Ms. Cooke-Arrington [a paralegal at the firm] said the firm has been gathering information on topical immunosuppressant drugs for three years.  "Hundreds of potential claimants have contacted our firm in the last year.  And many of these claims include deaths.  Almost 50% of them are made on behalf of children.  They involve skin cancers, as well a systemic malignancies like leukemia, Hodgkin's disease, and multiple myeloma."

Plaintiff's counsel has demonstrated his knowledge of the subject matter of this action as well as his ability to file nearly identical claims without conducting any discovery.  Here, the lack of need for pre-action discovery is manifest.

The Court thus determines that the Complaint for Pure Bill of Discovery is a civil action that satisfies the amount in controversy requirement for diversity jurisdiction.  Because the Complaint for Pure Bill of Discovery merely alludes to theories of negligence, strict liability and fraud, Plaintiff shall have 20 days from the date of this order to file an amended complaint that complies with Rule 8(a).

## IV. CONCLUSION

THE COURT, having considered the Motion to Remand and being otherwise fully

9

advised, hereby

ORDERS AND ADJUDGES that the Motion to Remand, filed August 8, 2006 **[DE 5]**, is DENIED. It is further

ORDERED AND ADJUDGED that Plaintiff's Motion to Stay Requirement for Filing Scheduling Report, filed August 17, 2006 **[DE 7]**, is DENIED AS MOOT, as the parties held a scheduling meeting and prepared their scheduling report prior to the filing of the motion to stay. Nevertheless, the parties prepared the scheduling report under the belief that this action would proceed as a bill of discovery. Since the Court has elected to treat this action as a civil action, the parties shall have 20 days from the date of this order to file an amended scheduling report. It is further

ORDERED AND ADJUDGED that Plaintiff's Motion for Hearing on the Motion to Remand, filed August 31, 2006 **[DE 17]** is DENIED. It is further

ORDERED AND ADJUDGED that Plaintiff's Motion to Strike, filed September 1, 2006 **[DE 18]** is DENIED.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 27th day of November, 2006.

Copies provided:  S/Kenneth L. Ryskamp
all parties and counsel of record  KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE